The opinion of the Court was delivered by
WITHERS, J.
The case is unique in this: that the grants under which the opposing parties claim bear the same date, the surveys were recorded and certified the same day, and purport to have been made upon warrants issued the same day. So far, therefore, as time is concerned, as to every step pursued by the grantees, they seem to be in equali jure. Neither grant is for the parcel of land in dispute exclusively, each covers it, but each embraces other land outside its limits. Neither grantee lived on, or used or occupied the locus in quo, but each resided on a portion of land within the grant. So we have not here the priority of survey which enabled the Court to distinguish between, two grants of the same date, in the case of Guignard vs. Felder, 2 Hill, 401.
We cannot regard either of the grants as void, nor give one priority over the other. If qne instrument had issued, granting the land to both, they would have been joint tenants, as at common law, without dispute. But are there not all the unities which make .that estate, in the sense of the *642 common law, in tbis instance? There is unity of time, of •interest, of title, (though by two several instruments from the same grantor, issuing uno flatu, so far as we know,) and of possession. "We can make nothing else out of this state of affairs but a tenancy in common between these parties, regarding them respectively as alienees, by mesne conveyances, from the grantees. The consequence is, that without proof of ouster neither can maintain this action against the other.
Whether Young has not conveyed his interest by deed in favor of his children becomes an unnecessary question to be decided now. It appears to some of the Court, if not to all, that the proof of delivery of the deed was sufficient; but if not, still that the statute of uses operated to vest the whole estate in the donees, and superseded delivery.
A new trial is ordered.
O’Neall, Wakdlaw, WhitNEk, G-loveb and MuNko, JJ., concurred.

Motion granted.